FIGUEROA, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 305.—Decided February 23, 1917.

PRIVATE PROPERTY—COMMUNITY PROPERTY—RECORD IN NAME OF WIFE—CURABLE DEFECT—PRESUMPTION.—When a property is recorded in the name of a married woman by virtue of an order approving dominion title proceedings brought for that purpose, and it is not shown by any of the means recognized by law that it is private property, or how old she was, or whether

she was married or single when she acquired the property, it should be presumed to be community property; and the simple recital by the wife in a deed of sale of the property that she acquired it while single will not destroy that presumption and deprive the husband of his share of the property. However, for the purpose of recording the deed of sale in the registry the defect is not incurable, but may be corrected by a proper showing that the vendor was single at the time she acquired the property sold to the appellant.

The facts are stated in the opinion.

*Mr. Luis Mercader* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public deed No. 155 executed in the city of Arecibo before Notary Luis Mercader on December 18, 1916, Sofía Esperanza Hudo, forty years of age, and married at the time to Miguel Hudo Roca, sold to Jesús Figueroa Torres for the sum of two thousand dollars an urban property consisting of a house and lot, No. 6 Capitán Correa Street, in the ward of La Monserrate of the said city, which she claims to have acquired while single from José Hudo Parra in the year 1885, it being recorded in the Registry of Property of Arecibo after the approval of dominion title proceedings instituted for that purpose.

The said deed having been presented in the Registry of Property of Arecibo for record, this was denied for the reasons stated in the following decision:

"Admission to record of this instrument is denied because it appears from the registry that she acquired the property while married and sells it without the consent of her husband, as she has failed to show that she was single at the time she acquired the property. A cautionary notice, etc."

The vendee appealed to this court from the above decision.

The record of the property in question in the Registry of Property of Arecibo in the name of Sofía Esperanza Hudo shows that while married to Miguel Hudo she brought proceedings in the District Court of Arecibo to prove her domin-

ion title to the said property which she purchased from José Hudo Parra in the year 1885, and that by its decision of February 5, 1916, the said court approved the said proceedings and held that Sofía Esperanza Hudo had proved her full title of ownership to the property.

The appellant contends that Sofía Esperanza Hudo was unmarried in the year 1885 when she acquired the property which is recorded in her name, and that she could not have been otherwise inasmuch as, being forty years of age when she executed the instrument of December 18, 1916, she could not have been more than nine years of age in.1885, and therefore was incapacitated to contract matrimony; but since the registry does not show the age of Sofía Esperanza Hudo at the time she acquired the property in 1885 or whether she was married or single, it cannot be held that the property recorded in her name during wedlock is her private property, for property recorded in the name of a married person without any showing by the means recognized by law that it is private property is presumed to be community property.

The mere statement by Sofía Esperanza Hudo in executing the deed of December 18, 1916, that she acquired the property while single, is not sufficient to destroy that presumption and deprive the husband of the interest which he may have therein.

The defect assigned by the registrar in his decision exists, but we are of the opinion that such defect is not incurable and can be corrected by showing in due form that Sofía Esperanza Hudo was unmarried at the time she acquired the property sold to the appellant.

The decision appealed from should be reversed and the registrar ordered to record the deed with the curable defect that it does not appear from the registry that the vendor acquired the property while single.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.